UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00206

**Billy Jack Driggers,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

# ORDER

Petitioner Billy Jack Driggers, an inmate of the Texas Department of Criminal Justice proceeding pro se, filed a petition for a writ of habeas corpus. The action was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b). Doc. 2. On August 30, 2024, the magistrate judge filed a report and recommendation that petitioner's action be dismissed with prejudice on the merits. Doc. 20. Petitioner filed written objections. Doc. 22.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The court will address petitioner's objections in turn.

First, petitioner objects to the magistrate judge stating his former counsel "pressured" him to take the plea deal, when he argues counsel instead "advised" him to do so. Doc. 22 at 1. He then relitigates the merits of his habeas arguments, claiming that reliance on counsel's advice gave him a "false hope of prevailing" on a motion to suppress. *Id.* Petitioner misunderstands the magistrate judge's holding.

The magistrate judge correctly held that the state court applied the proper *Strickland* standard for ineffective-assistance claims. Doc. 20 at 8; Doc. 16-29 at 59. Then, she held that the state court credited counsel's testimony that he advised petitioner that the chance of prevailing at the hearing on the motion to suppress was "dramatically decreased" before again asking him

- 1 -

whether he would like to accept the 25-year plea offer. Doc. 20 at 9–10. Petitioner still refused to accept the offer because he was dissatisfied with the punishment range. *Id.* at 9; Doc. 16-29 at 60. The magistrate judge is correct that the state court did not make an "unreasonable determination of the facts in light of the evidence" when it held that petitioner did not meet the *Strickland* standard for ineffective assistance of counsel. 28 U.S.C. § 2254(d)(2).

Second, petitioner complains that his rights were violated, citing a supposed conflict between his open plea of guilty to the trial court and the imposition of his sentence by a jury. Doc. 22 at 2–3. But the state court was clear that "he chose to plead guilty and was aware that . . . a jury would be assessing his sentence." Doc. 16-29 at 61. The record supports that petitioner knew that a jury would be instructed as to his guilt and empaneled to assess his sentence after hearing the state's evidence of the enhancements. Doc. 20 at 12–13. The state court finally held that petitioner offered "no authority showing that [counsel] was ineffective for failing to object to the legally authorized guilty plea procedure that [petitioner] specifically requested both in open court and in writing." Doc. 16-29 at 61. The magistrate judge correctly found that the state court's rejection of this claim was not unreasonable and that petitioner could not establish prejudice on this claim. Doc. 20 at 13.

Third, petitioner continues to argue that he should have been advised that the date of his revocation of parole could serve as his date of conviction, as opposed to the date of the original crime. Doc. 22 at 3. In his arguments on the merits, he argues that, "had the confusion been cleared up by effective counsel, [he] would have understood the mistake, not contested the enhancement, and been sentenced by the judge instead of the jury." Doc. 20 at 14 (cleaned up).

In front of the jury during his sentencing trial, petitioner admitted that he committed the offense and clarified that the alleged date was the date of his revocation. Doc. 16-13 at 96. Therefore,

the state court that heard his ineffective-assistance claim held that petitioner did not show "that he was truly misled to his detriment"—i.e., petitioner did not show that the result of the proceeding would have been different under *Strickland*. Doc. 16-29 at 62. As the magistrate judge confirmed, the state did not waive its right to sentence petitioner before a jury, and "there is no reason in the record to believe that petitioner's sentence would have been any lower" even if the judge had sentenced him. Doc. 20 at 16–17; *see also* Tex. Code Crim. Proc. art. 1.13. Therefore, the magistrate judge correctly concluded that the state court's rejection of the claim was not unreasonable and that petitioner failed to meet his habeas burden. Doc. 20 at 16.

Fourth, petitioner objects that the state did, in fact, agree to waive a jury as to guilt but not as to sentencing. Doc. 22 at 4. The magistrate judge only discusses the state's absence of a jury waiver in discussing petitioner's *sentencing* before a judge or a jury—a sentencing that includes a determination of the appropriate enhancements. Doc. 20 at 15 ("Nor can he demonstrate that, absent his confusion, he would have been *sentenced instead by the judge*, because the State refused to waive its right to a jury." (emphasis added)). Petitioner's objection does nothing to change the magistrate judge's conclusion that the state court was not unreasonable in its determination that he "fail[ed] to show how the actions of counsel resulted in a level of harm that could have reasonably impacted upon the outcome of his trial." Doc. 16-29 at 64. This objection is overruled.

Finally, petitioner argues that a certificate of appealability should not be denied sua sponte. But petitioner has presented no non-conclusory argument to dissuade this court from adopting the magistrate judge's recommendation. Under the facts presented, this court agrees with the magistrate judge that "[r]easonable jurists would not find it debatable that [p]etitioner's claims are all without merit." Doc. 20 at 17. Accordingly, a certificate of appealability should be denied sua sponte, and this objection is overruled.

Having reviewed the magistrate judge's report and recommendation de novo, and being satisfied that it contains no error, the court overrules petitioner's objections and accepts the report's findings and recommendation. Petitioner's case is dismissed with prejudice. Petitioner is denied a certificate of appealability sua sponte. Any pending motions are denied as moot.

*So ordered by the court on June 5, 2025.*

J. CAMPBELL BARKER
United States District Judge